# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THE CHAMBERLAIN GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:16-cv-06097 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| TECHTRONIC INDUSTRIES CO. LTD., | ) | |
| TECHTRONIC INDUSTRIES NORTH | ) | The Honorable Harry D. Leinenweber |
| AMERICA, INC., ONE WORLD | ) | |
| TECHNOLOGIES, INC., OWT | ) | Magistrate Judge Sydney Schenkier |
| INDUSTRIES, INC., ET TECHNOLOGY | ) | |
| (WUXI) CO. LTD., and RYOBI | ) | |
| TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
## MOTION TO TRANSFER VENUE UNDER *TC HEARTLAND*

Defendants Techtronic Industries North America, Inc., One World Technologies Inc., OWT Industries, Inc., and Ryobi Technologies, Inc. ("Defendants" or "TTI"), by counsel, respectfully submit this memorandum in support of their Motion to Transfer Venue under the Supreme Court's recent decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341, 2017 WL 2216934, at *3 (U.S. May 22, 2017). When Plaintiff The Chamberlain Group, Inc. ("Chamberlain") filed this action on June 10, 2016, binding Federal Circuit precedent held that the Northern District of Illinois was an appropriate venue because TTI transacts business in this district by selling the accused products. The law has now changed, and venue is no longer proper.

In view of *TC Heartland*, and under Supreme Court, Seventh Circuit, and Federal Circuit precedent, this Court should grant Defendants' motion and transfer this case to the District of South Carolina. *See, e.g.*, *Harper v. Virginia Department of Taxation*, 509 U.S. 86, 97 (1993) ("[w]hen [the] Court applies a rule of federal law to the parties before it, that rule is the

controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule.").

## BACKGROUND AND LEGAL STANDARD

The patent venue statute, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant *resides*, or where the defendant has committed acts of infringement and has a *regular and established place of business*." (emphasis added).  In *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 226 (1957), the Supreme Court concluded that for purposes of Section 1400(b) a domestic corporation "resides" only in its state of incorporation.  However, in 1988 Congress amended the general venue statute, 28 U.S.C. § 1391(c), to provide that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is *subject to personal jurisdiction* at the time the action is commenced."  Judicial Improvements and Access to Justice Act, § 1013(a), 102 Stat. 4669 (emphasis added).  The Federal Circuit in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), held that this 1988 amendment superseded the patent venue statute, so patentees were free to file patent infringement actions anywhere an alleged infringer meets the personal jurisdiction requirements of that state.  The *VE Holding* decision remained the applicable and well-settled law for 27 years.

Plaintiff filed this action against Defendants in the Northern District of Illinois on June 10, 2016.  Dkt. No. 1.  Defendants have *no* facilities, offices, or employees in this District.  Dkt. No. 50 at 5-6.  None of the Defendants are incorporated or headquartered in this District.  Dkt. No. 50 at 5-6.  Defendants do not manufacture any accused products in this District.  *Id*.

Defendants also have no employees in Illinois.  *Id.*  Defendants One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment ("TTIPE") and OWT Industries Inc. are incorporated in Delaware and are headquartered in South Carolina.  *Id.*

In view of *VE Holding*, which was binding precedent, TTI did not contest venue when answering the Complaint because it sells the accused products in this District.  *See* Dkt. No. 50 at 7-8, Defendants' Answer to Complaint, filed July 5, 2016; Dkt. No. 365 at 7-8, Defendants' Amended Answer to Complaint, filed May 18, 2017.  Defendants denied that this District was the most convenient venue and reserved their right to seek to transfer pursuant to 28 U.S.C. § 1404.  *Id.*

On May 22, 2017, the Supreme Court issued its decision in *TC Heartland*, 2017 WL 2216934, at \*3, explicitly overruling *VE Holding* and holding that the amendments to § 1391(c) did not modify the meaning of § 1400(b) as interpreted by *Fourco*.

In view of *TC Heartland*—which fundamentally changed the law for proper venue of patent cases—Defendants respectfully move to transfer this case to the District of South Carolina, an appropriate venue where TTIPE and OWT Industries are headquartered.  *See id*.

## ARGUMENT

### I.     Venue Is No Longer Proper Under *TC Heartland*

As a result of *TC Heartland*, a domestic corporation "resides" only in its state of incorporation for purposes of the patent venue statute, so the Northern District of Illinois is not an appropriate venue for this action under the first clause of Section 1400(b) ("[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides").

Venue also is not appropriate under the second clause of Section 1400(b) ("or where the defendant has committed acts of infringement and has a regular and established place of

business") because none of the Defendants have a regular and established place of business here. *See* Dkt. No. 50 at 5-7.

Therefore, venue is no longer proper in this District because (1) none of the Defendants resides in this District under the first clause of Section 1400(b) in view of *TC Heartland*, and (2) none of the Defendants has a regular and established place of business under the second clause of Section 1400(b).

## II.     Without Venue, The Court Cannot Hear This Case

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Since venue is improper, if the case were filed today, the Court would only have two options:  transfer the case or dismiss it altogether.  *Chicago, R.I. & P.R. Co. v. Igoe*, 212 F.2d 378, 381 (7th Cir. 1954) ("If venue is improper, the district court must either dismiss or transfer the cause to a court in which venue lies.  If the court does neither, any judgment entered in the cause is a nullity, an error correctible on appeal."); *Henderson v. Brush*, No. 06-CV-12-BBC, 2009 WL 425942, at *3 (W.D. Wis. Feb. 19, 2009*)* ("Under 28 U.S.C. § 1406, upon finding that venue is improper, a court is required to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also Wade v. Farmers Ins. Grp.*, 96 F.3d 145, 147 n.2 (7th Cir. 1996) ("The district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") (internal citations omitted); *Ham-Jones v. United Airlines, Inc.*, No. 3:11-CV-00355-JPG, 2011 WL 5573900, at *1 (S.D. Ill. Nov. 16, 2011) ("Because the events giving rise to the claims in

this case did not occur in the Southern District of Illinois, venue is not proper here under §

1391(b), and the Court must dismiss or transfer this case pursuant to 28 U.S.C. § 1406(a).").[1]

### III.     This Court Must Retroactively Apply *TC Heartland* To This Case

"The principle that statutes operate only prospectively, while judicial decisions operate

retrospectively, is familiar to every law student."  *United States v. Sec. Indus. Bank*, 459 U.S. 70,

79 (1982).  In *Harper*, the Supreme Court made this point abundantly clear:

> [w]hen [the] Court applies a rule of federal law to the parties before it, that rule is
> the controlling interpretation of federal law and must be given full retroactive
> effect in all cases still open on direct review and as to all events, regardless of
> whether such events predate or postdate [the] announcement of the rule.

509 U.S. at 97.  The Court concluded that "a rule of federal law, once announced and applied to

the parties to the controversy, must be given full retroactive effect by all courts adjudicating

federal law," and extended "to other litigants whose cases were not final at the time of the [first]

decision."  *Id.*

The Federal Circuit, the Seventh Circuit, and this Court have relied on *Harper* to

retroactively apply subsequent legal decisions to currently pending cases, regardless of the stage

of litigation.  *See, e.g.*, *Gupta v. Madison Metro. Sch. Dist.*, 120 F. App'x 641, 643–44 (7th Cir.

2005) ("[T]he Supreme Court held that, whenever the Court applies a new rule of federal law to

the parties in a civil case before it, that new principle controls all cases pending on direct review

no matter when the acts giving rise to the suit occurred.") (citing *Harper*, other internal citations

omitted); *NeuroRepair, Inc. v. The Nath Law Grp.*, 781 F.3d 1340, 1344 (Fed. Cir. 2015)

---

[1] Defendants believe transfer is the more appropriate option in this case, but if the Court disagrees, its only other alternative would be dismissal. *See, e.g. Baynes v. United States*, No. 14-CV-01422-JPG-SCW, 2015 WL 7566083, at \*2 (S.D. Ill. Nov. 16, 2015), report and recommendation adopted, No. 14-CV-1422-JPG-SCW, 2015 WL 7451004 (S.D. Ill. Nov. 24, 2015) ("Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it.   Transfer avoids the 'time-consuming and justice-defeating technicalities" required to re-file a case in a proper venue.'").

("Although the events in the present matter transpired prior to the decision in *Gunn*, the Supreme Court's interpretation of federal civil law 'must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Supreme Court's] announcement of the rule.'") (citing *Harper*); *Heartland By-Prod., Inc. v. United States*, 568 F.3d 1360, 1365 (Fed. Cir. 2009) (citing *Harper* for the proposition that "[t]he general rule is that judicial decisions are retroactive."); *Pucci v. Litwin*, 828 F. Supp. 1285, 1288 (N.D. Ill. 1993) ("[T]he Supreme Court decided that if a new rule has been applied to the parties before a federal court, that rule must apply to all cases then pending on direct review.") (internal citations omitted).

*Harper* mandates that this Court apply *TC Heartland* retroactively and grant Defendants' motion to transfer venue to the District of South Carolina.[2]  Indeed, other district courts have granted motions to transfer in view of *TC Heartland*. *See, e.g., JM Enterprises, Inc. v. Ames Co.*, No. 16-cv-00626, slip op. at 2 (S.D. Iowa June 13, 2017) (attached as Ex. A) (granting motion to transfer in view of *TC Heartland*); *Stuebing Automatic Machine Co. v. Gavronsky*, No. 16-cv-576, slip op. at 4, 11 (S.D. Ohio June 12, 2017) (attached as Ex. B) (same).

In fact, opposing parties in numerous cases have agreed to transfer venue due to the ruling in *TC Heartland*. *See, e.g., Herman Miller v. Blumenthal Distributing, Inc.*, No. 17-cv-00269, slip op. at 1 (W.D. Mich. June 6, 2017) (attached as Ex. C) (parties agreeing to transfer venue due to the ruling in *TC Heartland*); *ON Semiconductor Corp. v. Power Integrations, Inc.*, No. 16-cv-02720, slip op. at 2 (D. Ariz. June 1, 2017) (attached as Ex. D) (same); *Kaldren LLC v. PNY Techs., Inc.*, No. 17-cv-3644, slip op. at 2 (S.D.N.Y. June 9, 2017) (attached as Ex. E)

---

[2]  *Harper* overruled an earlier Supreme Court decision regarding retroactivity in civil cases, *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07 (1971).

(same); *Silver State Intellectual Techs., Inc. v. Facebook, Inc.*, No. 17-cv-03349, slip op. at 2 (N.D. Cal. June 7, 2017) (attached as Ex. F) (same).

## IV.    Defendants Have Not Waived Their Right To Challenge Venue

"Waiver is a voluntary and intentional relinquishment or abandonment of a known existing right or privilege . . . ." *Buffum v. Chase Nat. Bank of City of N.Y.*, 192 F.2d 58, 60-61 (7th Cir. 1951) (finding that the proper venue was in S.D.N.Y. because defendant did not waive its right to be sued in New York).  Defendants denied that this District was the most convenient venue and reserved their right to seek to transfer pursuant to 28 U.S.C. § 1404.  See Dkt. No. 50 at 7-8, Defendants' Answer to Complaint, filed July 5, 2016; Dkt. No. 365 at 7-8, Defendants' Amended Answer to Complaint, filed May 18, 2017.  Defendants did not previously challenge venue because under *VE Holding*, venue was proper, so such a challenge would have been futile. However, the Supreme Court's decision in *TC Heartland* explicitly overruled *VE Holding* and completely changed 27 years of Federal Circuit precedence.  Thus, "[t]here is little doubt that the Court's decision in *TC Heartland* was a change in the law of venue . . . ." *Sea Ray Boats, Inc. v. Brunswick Corp.*, No. 2017-124, 2017 WL 2577399, at *1 (Fed. Cir. June 9, 2017) (Newman, J. dissenting).  Indeed, numerous district courts have found that *TC Heartland* changed the law of venue.  *See, e.g.,* Ex. A, *JM Enterprises,* No. 16-cv-00626, slip op. at 2 ("The Supreme Court, however, reversed the Federal Circuit in *TC Heartland*"); Ex. C, *Herman Miller*, No. 17-cv-00269, slip op. at 1 (stating that *TC Heartland* "revers[ed] decades of practice"); Ex. B, *Stuebing*, No. 16-cv-576, slip op. at 3, 11 (ordering the parties to show cause why the case should not be transferred given the *TC Heartland* decision and ultimately transferring the case); *Amit Agarwal v. Morbark, LLC*, No. 17-cv-133, slip op. at 3 (M.D. Fl. June 9, 2017) (attached as Ex. G) ("Recently, the Supreme Court in *TC Heartland* . . . restricted a plaintiff's ability to sue anywhere in the country where the alleged infringer makes a sale.").

7

Only now, in view of the change in law by *TC Heartland*, can Defendants challenge venue. Therefore, waiver cannot apply because Defendants could not have "voluntarily and intentionally" waived a right that did not exist at the time. *See Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 782 (N.D. Ill. 2007) ("Since the exemption was not a known right at the pertinent time, waiver cannot apply.").

Additionally, the Seventh Circuit recognizes a general exception to waiver in other contexts than venue where an intervening Supreme Court case changes the law. *Brown v. M&M/Mars*, 883 F.2d 505, 512-23 (7th Cir. 1989); *see also Cygnar v. City of Chi.*, No. 85-cv-5902, 1990 WL 17111, at *2-3 (N.D. Ill. Feb. 7, 1990) (Leinenweber, J.) (the "exception to the waiver rule exists where an intervening Supreme Court case changes the law while appeal is pending" is "alive and well in this Circuit"). The Federal Circuit and other Circuit Courts also recognize this intervening law exception. *See, e.g., Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*, 336 F.3d 1373, 1377 (Fed. Cir. 2003); *Holzsager v. Valley Hospital*, 646 F.2d 792, 796 (2d Cir. 1981) ("a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent").

For example, in *Engel v. CBS*, Inc., 886 F. Supp. 728, 729 (C.D. Cal. 1995), the plaintiff filed its complaint in 1985. Under the governing statute at that time, venue was proper, so the defendants did not contest it. *Id.* However, the case was still pending in 1992, when Congress amended 28 U.S.C. § 1391(a), and if the amendment were to apply retroactively, venue would not be proper. *Id.* The defendants moved to transfer the case in view of the statutory amendment, and the plaintiff argued the defendants had waived their right by failing to raise a

venue challenge previously. *Id.* The *Engel* Court disagreed, finding "[d]efendants cannot be faulted for not having raised a defense that they did not know was available to them." *Id.* at 730.

Just as in *Engel*, Defendants cannot be expected to have had the "clairvoyance" to challenge venue in 2015 based on a hunch that the law may change two years later, and such a challenge would have been baseless in view of the binding precedent at the time. *Id.* (citing *Holzsager*, 646 F.2d at 796). Accordingly, Defendants have not waived its right to challenge venue by failing to raise this issue before.

## V.     Judicial Economy Favors Transfer

If this Court denies Defendants' motion to transfer and proceeds to try this case as scheduled, the Court risks wasting judicial resources because any jury verdict rendered could be vacated on appeal. Indeed, in *Olberding v. Illinois Cent. R.R.*, 346 U.S. 338, 340 (1953), the Supreme Court reversed a plaintiff's judgment because of improper venue even though the case had been tried to a jury. The Court ordered a retrial in the proper venue. *Id.*; *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 41 (1998) ("reversal with new trial is required [where] venue is precluded by the governing statute" (citing *Olberding*, 346 U.S. at 340)). Following this reasoning, in *Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 104 (5th Cir. 1989) and *United States ex rel. Harvey Gulf Int'l Marine, Inc. v. Maryland Casualty Co.*, 573 F.2d 245, 247-248 (5th Cir. 1978), the Fifth Circuit held that a judgment on the merits must be reversed or vacated and the cases remanded for transfer or dismissal due to improper venue. The Fifth Circuit explicitly declined to undertake a "harmless error analysis." *Id.*; *see also Lied Motor Car Co. v. Maxey*, 208 F.2d 672, 674 (8th Cir. 1953) (reversing judgment against the defendant due to improper venue). Therefore, in the interest of avoiding such harsh consequences and preserving judicial resources, this Court should grant Defendants'

9

motion.  *See* Ex. B, *Stuebing*, No. 16-cv-576, slip op. at 10 (granting motion to transfer in view of *TC Heartland* because "[h]aving determined that venue in this judicial district improper, the Court's only options are to dismiss the case or transfer it").

Finally, any inconvenience or costs to Chamberlain in transferring the case is irrelevant. As the Federal Circuit has explained, "[v]enue requirements exist for the benefit of defendants," not the convenience of plaintiffs.  *Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996) (citing *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1576 (Fed. Cir. 1990)).  "Further, any inconvenience to plaintiff is ultimately of its own making as it chose to file this action in a judicial district where defendants neither reside nor have a regular and established place of business."  Ex. B, *Stuebing*, No. 16-cv-576, slip op. at 10.

## CONCLUSION

In view of the binding precedent of *Harper* and *TC Heartland* as well as the governing statutes, this Court can no longer hear this case and is obligated to transfer it.  Therefore, Defendants respectfully request that the Court transfer this case to the District of South Carolina.

10

Dated:  June 19, 2017                                  Respectfully submitted,

                                                        By: /s/ *Jason C. White*
                                                            Jason C. White
                                                            Michael J. Abernathy
                                                            Sanjay K. Murthy
                                                            Nicholas A. Restauri
                                                            Jesse T. Dyer
                                                            Morgan, Lewis & Bockius LLP
                                                            77 W. Wacker Drive, Ste. 500
                                                            Chicago, IL  60601
                                                            Tel:  (312) 324-1000
                                                            Fax:  (312) 324-1001
                                                            E-mail: jason.white@morganlewis.com
                                                                    michael.abernathy@morganlewis.com
                                                                    sanjay.murthy@morganlewis.com
                                                                    nicholas.restauri@morganlewis.com
                                                                    jesse.dyer@morganlewis.com

                                                            *Attorneys for Defendants Techtronic Industries*
                                                            *North America, Inc., One World Technologies*
                                                            *Inc., OWT Industries, Inc., and Ryobi*
                                                            *Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via CM/ECF on June 19, 2017

upon all counsel of record.

/s/ *Jason C. White*
Jason C. White