IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| **THE CHAMBERLAIN GROUP, INC.,**<br><br>          **Plaintiff,**<br><br>     **v.**<br><br>**TECHTRONIC INDUSTRIES CO., LTD., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC., OWT INDUSTRIES, INC., ET TECHNOLOGY (WUXI) CO. LTD., and RYOBI TECHNOLOGIES, INC.,**<br><br>          **Defendants.** | Case No. 16 C 6097<br><br>Judge Harry D. Leinenweber |

# ORDER

Before the Court is a Motion to Transfer filed by Defendants Techtronic Industries North America, Inc., One World Technologies, Inc., OWT Industries, Inc., and Ryobi Technologies, Inc. (the "Moving Defendants") [ECF No. 392]. For the reasons stated herein, the Motion is denied.

# STATEMENT

The Moving Defendants have moved to transfer venue to the District of South Carolina on June 19, 2017 based on the Supreme Court's May 22 ruling in *TC Heartland LLC v. Kraft Foods Grp. Brands, LLC,* No. 16-341, 137 S.Ct. 1514 (2017). The Court in *TC Heartland* reaffirmed its 1957 holding in *Fourco Glass Co. v. Transmirra Prod. Corp.,* 353 U.S. 222, 229, that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland* thus clarified that "a domestic corporation 'resides' only in its State of

incorporation for purposes of the patent venue statute." *TC Heartland,* 137 S.Ct. at 1517. The Moving Defendants claim that venue in this District is improper because they are not incorporated in Illinois and do not have any regular business location in this District. 28 U.S.C. 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.").

The Court finds that the Moving Defendants cannot overcome waiver by invoking *TC Heartland*. First, they failed to contest venue in either their Answer or Amended Answer and did not affirmatively file a Motion to Dismiss or Transfer based on a venue objection until two months prior to trial (and four months after trial was originally scheduled to begin). Rather, the Moving Defendants twice pled that "Defendants admit that venue is proper in this district under 28 U.S.C. §§ 1391(b) and/or 1400(b)." (ECF No. 50 at 8; ECF No. 365 at 7-8.) This second admission came nearly two months after oral argument in *TC Heartland* and just four days before the Supreme Court rendered its decision. While *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1584 (Fed. Cir. 1990), typically controlled how lower courts analyzed venue in patent cases prior to *TC Heartland,* "that does not change the harsh reality that [Defendants] would have ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco,* just as the petition in *TC Heartland* did." *Elbit Sys. Land & C41 Ltd. v. Hughes Network Sys., LLC,* No. 2:15 C 37, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017). And, of course, only the Supreme Court can overrule its own precedents. *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* 460 U.S. 533, 535 (1983). The conflict between *Fourco* and *VE Holding* was a defense that was available

to Moving Defendants just as easily as it was to the plaintiff in *TC Heartland*. What is more, unlike the cases Moving Defendants cite that recognize an intervening change in venue law based on a direct *amendment to the applicable venue statute*, such as *Engel v. CBS, Inc.*, 886 F.Supp. 728, 729 (C.D. Cal. 1995), the Supreme Court in *TC Heartland* pulled no punches in reminding litigants that "Congress has not amended § 1400(b) since this Court construed it in *Fourco*." *TC Heartland*, 137 S.Ct. at 1517.

Therefore, the Court follows *Elbit* and *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15 C 21, 2017 WL 2556679 (E.D. Va. June 7, 2017), *mandamus writ denied*, No. 2017-125 (Fed. Cir. June 9, 2017), in finding that *TC Heartland* did not represent a change in the law that would excuse waiver under these circumstances. Trial, originally set for February 6, 2017 [ECF No. 95], was then rescheduled for June 19, 2017 [ECF No. 275] and is now set for August 21, 2017 [ECF No. 361]. It is not an abuse of discretion to deny a motion to transfer based on *TC Heartland* where, as here, Defendants hitherto raised no venue challenge and this litigation is in its final stages before trial. *See, Cobalt,* 2017 WL 2577399 at *1.

Finally, there is no universe in which transferring venue in this case would further judicial economy. The parties have engaged in a multi-day preliminary injunction hearing, a multi-day contempt hearing, and at least twenty status conferences with the Court. The Court has issued a *Markman* ruling on claim construction and ruled on a summary judgment motion, in addition to dozens of other motions the parties have filed in this litigation. The Court has also devoted a significant amount of time to review relevant materials from the United States Patent and Trademark Office, the Patent Trial and Appeal Board, and the Federal Circuit regarding the asserted patents and prior art.

Transferring the case would require another court to familiarize itself with all these issues, and Plaintiff's requested injunctive relief would likely be frustrated as a result of the inevitable delay. Further, Defendant Techtronic Industries Co. Ltd., a Hong Kong entity that is the Moving Defendants' parent organization, did not join the Motion. (*TC Heartland* did not address the venue rules for foreign corporations. *See, TC Heartland,* 137 S.Ct. at 1520 n.2.) Notwithstanding the pendency of Defendants' Motion to Dismiss this entity, there is a significant chance that granting the Motion to Transfer would eventuate trials on identical issues in two different Districts against two sets of defendants.

For the reasons stated herein, the Moving Defendants' Motion to Transfer [ECF No. 392] is denied.

							_____
							Harry D. Leinenweber, Judge
							United States District Court

Dated: June 28, 2017