## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: 1:16-cv-06097 |
| TECHTRONIC INDUSTRIES CO. LTD., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES INC., OWT INDUSTRIES, INC., ET TECHNOLOGY (WUXI) CO. LTD., AND RYOBI TECHNOLOGIES, INC. | The Honorable Martha M. Pacold |
| Defendants. | |

## JOINT STATUS REPORT

In response to the Court's Minute Order of August 20, 2019, Dkt. No. 782, the parties submit the following report to the Court regarding the status of this case.

### I.    Nature of the Case

#### a.  Attorneys for The Parties

The following attorneys represent Chamberlain:  Kathi Vidal, Michael Rueckheim and Matt McCullough of Winston & Strawn and Ben Elacqua and Maria Elena Stiteler of Fish & Richardson.  Kathi Vidal is lead counsel.

The following attorneys represent Defendants Techtronic Industries Co. Ltd., Techtronic Industries North America Inc., One World Technologies Inc., OWT Industries Inc., ET Technology (WUXI) Co. Ltd., and Ryobi Technologies Inc. ("TTI"):  Jason White, Michael J. Abernathy, Sanjay K. Murthy and Nicholas A. Restauri of Morgan, Lewis & Bockius LLP.  Jason White is lead counsel.

### b. Basis of Federal Jurisdiction

This case was brought pursuant to 28 U.S. code §§ 1331 (Federal Question) and 1338 (Patents).

### c. Nature of the Claims and Counterclaims/Affirmative Defenses

Chamberlain asserted that TTI willfully infringed, and continues to willfully infringe, both literally and by equivalents, directly and indirectly, two U.S. Patents directed to moveable barrier operators like garage door openers: U.S. Patent Nos. 7,224,275 (the "'275 patent") and 7,635,966 (the "'966 patent"). TTI denied infringement and asserted that the two patents are invalid and unenforceable.

On August 30, 2017, a jury found that the two patents in this case, the '275 patent and the '966 patent, were willfully infringed by TTI and were not invalid. Dkt. 607. The jury separately awarded damages of $3,772,000 for infringement of the '275 patent and $57,300 for infringement of the '966 patent. *See id* at 3, 10. On May 23, 2018, this Court (Judge Leinenweber) denied TTI's motion for judgment as a matter of law (JMOL) and granted CGI's motion for enhanced damages and attorney fees. *See* Dkt. 740.

TTI appealed the judgement, including the jury's verdict as to infringement and validity of both patents and the Judge's denial of TTI's JMOL.

On August 21, 2019, the Federal Circuit upheld the jury's verdict and JMOL decision as to the '966 patent, but found the '275 patent claims patent ineligible under 35 U.S.C. § 101. *See* Dkt. 779. The Federal Circuit vacated the $3,772,000 damages awarded under the '275 patent and also vacated the award of enhanced damages and attorneys' fees. *Id.* at 15. The Federal Circuit remanded for reconsideration of any enhanced damages and attorney fees in connection with the '966 patent.

2

The appeal process has not yet completed and no mandate has issued.

CGI has filed an unopposed motion to extend the deadline by which it must file for petition rehearing or en banc review, requesting an extension of that date until October 21, 2019.

Once a mandate has been issued, the scope of any remand will be set and this court will again have jurisdiction.

**d. Relief Sought by Plaintiff**

Chamberlain sought a preliminary injunction, permanent injunction and damages in the form of lost profits or, at a minimum, a reasonable royalty. Chamberlain also sought enhanced damages and attorney fees.

**e. Names of Any Parties Not Yet Served**

The only party not yet served is ET Technology (WUXI) Co. Ltd., a Chinese Entity.

**II. Discovery and Pending Motions**

**a. Pending Motions**

None.

**b. Mandatory Initial Discovery Pilot (MIDP) Project**

The case is not in the MIDP Project.

**c. Status of Discovery**

Completed.

**d. Substantive Rulings Issued in the Case**

Judge Leinenweber issued numerous substantive rules up to and including ruling on post-trial motions.

### e. Anticipated Motions

Once the appeal process has completed, Chamberlain anticipates asking this court or the Executive Committee, as appropriate, to refer the case back to Judge Leinenweber who heard all the evidence to rule on remand. TTI will oppose any such request.

## III. Trial

### a. Jury Demand

As noted above, this case has been through a jury trial and has been appealed to the Federal Circuit.

### b. Trial Date

As noted above, this case has been through a jury trial and has been appealed to the Federal Circuit.

### c. Final Pretrial Order

As noted above, this case has been through a jury trial and has been appealed to the Federal Circuit.

### d. Estimated Length of Trial

As noted above, this case has been through a jury trial and has been appealed to the Federal Circuit.

## IV. Settlement, Referrals, and Consent

### a. Referred to Magistrate Judge

The case has not been referred to a Magistrate Judge for discovery supervision and/or a settlement conference.

4

**b. Settlement Discussions**

The parties have engaged in settlement discussions from time to time. No future settlement discussions have been scheduled.

**c. Whether the Parties Request a Settlement Conference at this Time Before This Court or the Magistrate Judge**

At this time the parties do not request a settlement conference before this court or the Magistrate Judge.

**d. Consent to Proceed Before Magistrate Judge for All Purposes**

The parties have not consented to proceed before a Magistrate Judge for all purposes.

Dated:  September 30, 2019

By: */s/ Jason C. White*
    Jason C. White
    Michael J. Abernathy
    Sanjay K. Murthy
    Nicholas A. Restauri
    Morgan, Lewis & Bockius LLP
    77 W. Wacker Drive, Ste. 500
    Chicago, IL 60601
    Tel: (312) 324-1000
    Fax: (312) 324-1001
    E-mail: jason.white@morganlewis.com
    michael.abernathy@morganlewis.com
    sanjay.murthy@morganlewis.com
    nicholas.restauri@morganlewis.com

    ATTORNEYS FOR DEFENDANTS
    TECHTRONIC INDUSTRIES CO.
    LTD., TECHTRONIC INDUSTRIES
    NORTH AMERICA, INC.,
    ONE WORLD TECHNOLOGIES INC.,
    OWT INDUSTRIES, INC., AND
    RYOBI TECHNOLOGIES, INC.

By: */s/ Katherine Vidal*
    Katherine Vidal
    KVidal@winston.com
    Michael Rueckheim
    MRueckheim@winston.com
    Matthew McCullough
    MRMcCullough@winston.com
    WINSTON & STRAWN LLP
    275 Middlefield Road, Suite 205
    Menlo Park, CA 94025
    Telephone: (650) 858-6500
    Facsimile: (650) 858-6550

    Benjamin Elacqua (*pro hac vice*)
    elacqua@fr.com
    FISH & RICHARDSON PC
    1221 McKinney Street, Suite 2800
    Houston, Texas 77010
    Telephone: 713-654-5300
    Facsimile: 713-652-0109

    Maria Elena Stiteler (*pro hac vice*)
    stiteler@fr.com
    FISH & RICHARDSON P.C.
    60 South Sixth Street
    Minneapolis, MN 55402
    Telephone: (612) 335-5070
    Facsimile: (612) 288-9696

    ATTORNEYS FOR PLAINTIFF
    THE CHAMBERLAIN GROUP, INC.

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via CM/ECF on September 30, 2019.

*/s/ Katherine Vidal*
ATTORNEYS FOR PLAINTIFF
THE CHAMBERLAIN GROUP,
INC.